■ STEPHEN DIBBS, Appellant-Respondent, v JOHN MULHOLLAND et al., Respondent-Appellant, and ERNEST TORNINCASA et al., Respondents. [738 NYS2d 203] —Judgments, Supreme Court, New York County (Carol Huff, J.), entered April 28 and July 28, 2000, which, inter alia, denied petitioner tenant's application pursuant to CPLR article 78 challenging respondent State Division of Housing and Community Renewal's (DHCR) processing of and determination to close the tenant's harassment complaint against respondent landlord, with leave to file a new petition challenging DHCR's determination dated February 8, 2000 granting the landlord's application to eliminate a required service, namely, a security gate, with a reduction of rent, unanimously affirmed, without costs.

DHCR's determination to close the tenant's harassment com-

plaint was not an abuse of its discretion (CPLR 7803 [3]; *see, Dibbs v Tornicasa*, 1999 WL 1201709, *6-7, 1999 US Dist LEXIS 19195, *19-21 [SD NY, Dec. 14, 1999]), there being ample justification therefor in the tenant's refusal to permit the landlord access to the premises and to otherwise cooperate with the plan DHCR had formulated to remedy the safety and habitability problems largely created by the legally required removal of the unlawful security gate. DHCR's determination of February 8, 2000 granting the landlord's application for a service and rent reduction is not before this Court, since petitioner, although twice granted leave to do so, failed to commence a proceeding properly challenging that determination, which, in any event, would now be time-barred. Concur—Mazzarelli, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.